NATHAN W. HAINES, plaintiff in error, *vs.* ELIZABETH CURRY, defendant in error. ·

1. If the petition and process substantially conform to the requisites of the Code, and the defendant have notice of the pendency of the cause, all other objections shall be disregarded, provided there is a legal cause of action set forth as required by the code.

2. All misnomers in judicial proceedings on the civil side of the Court, are amendable without working unnecessary delay.

3. An amendment of the pleadings is no cause for a continuance, unless the opposite party is surprised thereby, and less prepared for trial in consequence thereof.

4. A mistake of the clerk in copying a declaration, shall work no injury to a party, where, by amendment, justice may be promoted. Therefore, where the clerk, in copying a declaration, inadvertently changed the order of the initials of the name of a party to a copy note sued on, such mistake is no ground for dismissing or continuing the case.

Complaint. Amendment of Misnomer. Tried before Judge GIBSON. Washington Superior Court. March Term, 1867.

This was complaint by Elizabeth Curry, against N. W. Haines, endorser, on a promissory note made by A. O. Haines, and endorsed by said defendant. The clerk in copying the note, wrote O. A. Haines, instead of A. O. Haines, for the maker's name.

At the trial term, plaintiff's attorney moved to take a verdict against said endorser. Producing the copy served on N. W. Haines, his attorneys showed that this change had been made, and contended that there was no service.

Plaintiff's attorney took the copy, and by leave of the Court, amended it by changing the order of the initials therein, so as to make them correspond with the original, and by leave of the Court, took a verdict.

Defendant's attorneys objected to said amendment, and claimed, after it was allowed, a continuance because of it, but gave no reason for the continuance except the said amendment.

The allowance of the amendment and the refusal of a continuance, are here for review.

HOOK & CARR, for plaintiff in error.

R. L. WARTHEN, for defendant in error.

WALKER, J.

1. If the petition and process substantially conform to the requisites of the Code, and the defendant have notice of the pendency of the cause, all other objections shall be disregarded, provided there is legal cause of action set forth.   Rev. Code, Sec. 3269.

2. All misnomers in judicial proceedings on the civil side of the Court, are amendable *instanter*, without working unnecessary delay.   Rev. Code, 3433.

3. If a party amend his pleadings, the Court may, in his discretion, continue the cause at the instance of the amending party, if the opposite party will make oath, or his counsel state in his place, that he is surprised by such amendment, and that he is less prepared for trial, and how, than he would have been if such amendment had not been made, and that such surprise is not claimed for the purpose of delay.   Rev. Code, Sec. 3470.

4. The mistake or misprision of a clerk, or other ministerial officer, shall in no case work to the injury of a party, where, by an amendment, justice may be promoted.   Rev. Code, Sec. 3456.

How are the facts of this case ? The petition and process were correct, and the defendant had been notified of the pendency of the cause; all other objections should have been disregarded, for there was a legal cause of action set forth as required by the code. The Court then certainly did right to hold the service sufficient.

Ought a continuance to have been granted because the Court directed a change of the order of the initials of the name of the maker of the note, as set out in the copy served on the endorser, and without any cause being shown except the allowance of such an amendment ? Most clearly not. The defendant was not surprised by the amendment, and was not the less prepared for trial in consequence thereof. We see no reason why this small mistake of a clerk should work to the injury of the plaintiff. Indeed, no amendment of the copy declaration was necessary, because the defendant had notice of a legal cause of action properly set forth.

Judgment affirmed.